| | |
|---|---|
| TONNE L. MESSEK,<br><br>Plaintiff,<br><br>v.<br><br>EVOLUTIONAL EGYPT & CATHEY BANK,<br><br>Defendants. | No. 2:18-cv-3104-TLN-KJN PS<br><br>ORDER AND<br><br>FINDINGS AND RECOMMENDATIONS |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff Tonne Messek, proceeding without counsel, commenced this action and requested leave to proceed *in forma pauperis*. (ECF Nos. 1, 2.) Plaintiff's motion to proceed *in forma pauperis* is incomplete and does not state the amounts of plaintiff's income. Ordinarily, the court would deny the motion without prejudice on that basis and provide plaintiff with an opportunity to file an amended motion to proceed *in forma pauperis*. However, in this case, because the court lacks subject matter jurisdiction over the action, such an amended filing is unnecessary.

A federal court has an independent duty to assess whether federal subject matter jurisdiction exists, whether or not the parties raise the issue. See United Investors Life Ins. Co. v. Waddell & Reed Inc., 360 F.3d 960, 967 (9th Cir. 2004) (stating that "the district court had a duty

to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not"); accord Rains v. Criterion Sys., Inc., 80 F.3d 339, 342 (9th Cir. 1996). The court must *sua sponte* dismiss the case if, at any time, it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

"Under the substantiality doctrine, the district court lacks subject matter jurisdiction when the question presented is too insubstantial to consider." Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1035 (9th Cir. 1985) (citing Hagans v. Lavine, 415 U.S. 528, 536-39 (1974)). "The claim must be 'so insubstantial, implausible, foreclosed by prior decisions of this Court or otherwise completely devoid of merit as not to involve a federal controversy within the jurisdiction of the District Court, whatever may be the ultimate resolution of the federal issues on the merits.'" Id. (quoting Oneida Indian Nation v. County of Oneida, 414 U.S. 661, 666 (1974)); see also Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) ("a district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion.").

Here, plaintiff's complaint alleges "crimes against humanity" against defendants "Evolutional Egypt" and "Cathey Bank." Plaintiff petitions the court "for Egypt (Evolution) to show just cause of why they believe I owe them not only my life but my soul via divination using evil eye to bring other occults i.e. Santeria, Obeah upon me" and seeks relief based on "food poisoned & spirit of divination forced upon me." (See ECF No. 1.)

The court finds plaintiff's allegations in this case to be frivolous, delusional, and insubstantial, and thus recommends dismissal for lack of subject matter jurisdiction pursuant to the substantiality doctrine. Ordinarily, the court provides *pro se* plaintiffs with notice of pleading deficiencies and an opportunity to amend prior to dismissal. However, in this case, the nature of plaintiff's allegations suggests that granting leave to amend would be futile. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 339 (9th Cir. 1996).

////

////

Accordingly, IT IS HEREBY RECOMMENDED that:

1. The action be dismissed for lack of subject matter jurisdiction.
2. Plaintiff's motion to proceed *in forma pauperis* in this court (ECF No. 2) be denied as moot.
3. The Clerk of Court be directed to close this case.

In light of those recommendations, IT IS ALSO ORDERED that all pleading, discovery, and motion practice in this action are STAYED pending resolution of the findings and recommendations. With the exception of objections to the findings and recommendations, and non-frivolous motions for emergency relief, the court will not entertain or respond to any motions or filings until the findings and recommendations are resolved.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served on all parties and filed with the court within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

IT IS SO ORDERED AND RECOMMENDED.

Dated: December 14, 2018

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE